Ada Sarai **CALDERON–VILLALTA,**
**Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

**No. 09–70801.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 14, 2010.*

Filed Dec. 22, 2010.

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ada Sarai Calderon-Villalta, Inglewood, CA, pro se.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Kuehne Taylor, Tiffany Walters Kleinert, David V. Bernal, Assistant Director, Jennifer Paisner Williams, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and THOMAS, Circuit Judges.

### MEMORANDUM **

Petitioner Ada Sarai Calderon–Villalta, a native and citizen of El Salvador, petitions pro se for review of a Board of Immigration Appeals order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because, despite her credible testimony, Calderon–Villalta failed to show her alleged persecutors threatened her on account of a protected ground. Calderon–Villalta is not a member of protected group merely because she witnessed a crime. *See id.* at 745–46 (explaining that a group can lack requisite particularity of a protected social group if if it is too all-encompassing to constitute a cohesive, homogeneous and socially visible group); *Molina–Morales v. INS,* 237 F.3d 1048, 1052 (9th Cir.2001) (stating that personal retribution is not persecution on account of political opinion). Additionally, any persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder,* 581 F.3d 849, 854–56 (9th Cir.2009); *Santos–Lemus v. Mukasey,* 542 F.3d 738, 745–46 (9th Cir.2008).

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that Calderon–Villalta did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.